## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:                                          :Chapter 13
   Paula A.  Behm

                                     :Case No. 17-16272-amc

### Chapter 13 Plan

1.      If the instant estate were liquidated under Chapter 7 of the Bankruptcy Code, the allowed unsecured claimants would be paid $ 0.

2.      Under this plan the allowed unsecured claimants will receive not less than that amount.

3.      The Debtors shall submit to the supervision and control of the trustee the following sums:

      a.      The duration of this plan shall be 5 years;

      b.      During the term of the plan, the debtor shall pay $895 monthly.

4.      The various claims of the Debtors' creditors shall be classified as follows:

      a.      Class One:  Claims filed and allowed which are entitled to priority under 11 U.S.C. Section 507.  The administrative expenses and Priority Claims of the IRS & PA Department of Revenue are the only  priority claims contemplated by this plan.  Any creditor entitled to priority under Section 507 of the Bankruptcy Code contrary to the provisions of this plan shall be deemed to have agreed to waive any such priority, unless such entity objects to the plan.

      b.      Class Two:  All allowed secured claims secured by a lien which is not avoidable by the Debtor   under 11 U.S.C.

Section 522. These creditors will retain their liens until their allowed secured claims are paid in full.

c.      Class Three: All other claims.

5.      The payments received by the trustee from the Debtor  pursuant to this plan shall be distributed as follows:

a.      Class One claims:  The amount paid by the Debtor  to the trustee shall be distributed first to the class one claims, pro rata, until they are paid in full.

b.      Class Two claims:  After the application of the appropriate amount each month to the class one claims, the entire amount of the monthly payment remaining in the hands of the trustee shall be distributed, pro rata, to the holders of the class two claims until each such claimant shall have received 100% of the amount allowed on each claim.

c.      Class Three claims: After the application of the appropriate amount each month to the class one and class two claims, the entire amount of the monthly payment remaining in the hands of the trustee shall be distributed, pro rata, to the holders of the class three claims.

6a.      The current post petition payments due on Debtor's first mortgage, held by **PNC Bank,** will be paid directly to that creditor  outside the plan. Only the Arrearages on PNC Bank's Claim, will be paid thru the plan.

6b.      The current post petition payments due on Debtor's truck loan, held by **PSECU,** will be paid directly to that creditor  outside the plan. No payments will be paid to this Creditor under the plan.

7.      To the extent that any claim is fully or partially unsecured pursuant to 11 U.S.C. Section 506(a), that portion of the claim which is unsecured shall be provided for as a class three (unsecured) claim under this plan.  Creditors holding such claims shall retain their liens only to the extent of their allowed secured claims.  To the extent that the allowed secured claim is paid during this case or thereafter, such creditors' liens shall be reduced.  Once the allowed secured claim has been paid in full, either during or after the pendency of this case, the creditor

holding such claim shall promptly mark any lien securing such claim as satisfied in the appropriate public records.

8.      By failing to object to this plan, or any modification thereof, all creditors holding claims agree not to make any effort to collect their claims from any cosigners that may exist, so long as this case remains pending.

9.      Confirmation of this plan shall constitute a finding that the plan constitutes the Debtors' best effort under all the circumstances to pay their creditors, within the meaning of 11 U.S.C. Section 727(a)(9).

10.      Confirmation of this plan shall constitute a finding in accordance with 11 U.S.C. Section 1322 that there is cause for extending the plan beyond three years.  Confirmation shall also constitute approval of such extension.  Such extension is essential to the success of the plan.  Without it the plan would fail and no claims would be paid in full.

11.      The current defaults by the Debtor on the class two claims and their first mortgage and second mortgage are waived and shall be cured by the completion of this plan.

12.      The title to the property of the estate shall revest in the Debtor upon confirmation of this plan, and the Debtor shall have sole right to use and possession thereof during the pendency of this case.

13.      Confirmation of this plan shall constitute a finding and order that due to the Debtors' low income, the trustee's fee should not exceed 10% of each monthly payment, even if that amount is less than $5.00 per month.

14.      Any money or property acquired by either the trustee or the Debtor or refunded from the trustee's percentage fees, while this case is pending shall be deemed exempt property of the debtors if exemptable, and shall be forthwith delivered to the Debtors.

15.      If the Debtor defaults after filing of the petition, on any payment to a utility entitled to adequate assurance under 11 U.S.C. Section 366, then that debt shall, upon application of said utility, become a class one claim under this plan.  This priority shall be deemed adequate assurance of the utility's future payments.

16.     Upon completion of this plan, all debts listed in the Debtors' chapter 13 statement, except those excepted by 11 U.S.C. Section 1328(a)(1) or (a)(2), shall be discharged.

17.     If prior to the expiration of the period set forth in paragraph 3 of this plan all filed claims provided for in this plan are paid in full, this plan shall terminate on that date.

Dated: 10/19/2017                    */s/ Paula A Behm*
                                     Paula A. Behm, Debtor